UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODNEY H. WILLIAMS,

        Petitioner,

v.                                    Case No. 5:04-cv-368-Oc-10GRJ

WARDEN, FCC COLEMAN - LOW,

        Respondents.

_____

## <u>ORDER DENYING PETITION</u>

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which Petitioner alleges that the Bureau of Prisons (BOP) has illegally established a payment schedule and is illegally collecting monies from Petitioner.  (Doc. 1).  In response, the Respondent argues, *inter alia,* that this case should be dismissed because the Inmate Financial Responsibility Program (IFRP) is voluntary and Petitioner has failed to state a cognizable claim which entitles him to relief under 28 U.S.C. § 2241.  (Doc. 11).

The Petition, the Response to the Petition and the administrative record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record.  <u>See</u> Habeas Rule 8(a).[1]

Petitioner was sentenced by the Eastern District of Virginia and ordered to pay

_____

[1] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has the discretion to apply the Rules to habeas corpus petitions under § 2241.

a Special Assessment in the amount of $1500.00 and Restitution in the amount of $186, 942.58.  The IFRP is a program under which the BOP helps inmates develop a financial plan in order to meet such financial obligations.  See 28 C.F.R. § 545.10. On April 14, 2004, Petitioner signed an Inmate Financial Contract agreeing to participate in the IFRP.[2]  Although the IFRP is voluntary, there are consequences for an inmate's refusal to participate in the program such as the inability to receive extra pay, inability to be assigned to certain work details, lower housing status, and limitations on other privileges.  See id. § 545.11(d).

The Eleventh Circuit has recently held that the IFRP is a voluntary program, and because the benefits of the IFRP are not constitutionally guaranteed a claim challenging the BOP's implementation of the IFRP is not cognizable under § 2241.[3] Therefore, Petitioner does not state a cognizable claim which entitles him to relief under 28 U.S.C. § 2241.

## Conclusion

For the reasons set forth in this Order, the Petition for Writ of Habeas Corpus is **DISMISSED with prejudice**.  The Clerk is directed to enter judgment dismissing

---

[2]See Ex. 7, Doc. 11.

[3] See United States v. Warmus, 2005 WL 2293465 (11th Cir. 2005) (unpublished).  Although unpublished opinions are not binding on this Court, they are persuasive authority.  See 11th Cir. R. 36-2.

the Petition with prejudice, terminate any pending motions,[4] and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 15th day of March 2006.

UNITED STATES DISTRICT JUDGE

c: Rodney H. Williams
   Counsel of Record

---

[4]Specifically, Petitioner's Renewed Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 28) is terminated at moot.